**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal No. 25-cr-00274 (TNM)** |
| **PAUL ANTHONY BRYANT** | |
| **Defendant.** | |

## MOTION TO DISMISS INFORMATION WITHOUT PREJUDICE AND TO VACATE STATUS CONFERENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure to dismiss the information against Paul Anthony Bryant without prejudice and to vacate the initial status conference scheduled for October 2, 2025.

Pursuant to Rule 48(a), the government may dismiss an indictment, information, or complaint with leave of the Court. Fed. R. Crim. P. 48(a); see also *United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989). "[T]he Supreme Court has declined to construe Rule 48(a)'s 'leave of court' requirement to confer any substantial role for courts in the determination whether to dismiss charges." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016). The principal object of the "leave of court" requirement has been understood to protect a defendant against prosecutorial harassment when the government moves to dismiss charges over the defendant's objection. *Id.* (citing *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15 (1977)).

As a general matter, Rule 48(a) allows the court to reject the government's motion to dismiss without prejudice only in "exceptional" cases due to the "strong presumption in favor of a no prejudice dismissal." *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015). *See*

*also, e.g.*, *United States v. Trump*, 757 F. Supp. 3d 82, 83 (D.D.C. 2024) ("When a prosecutor moves to dismiss an indictment without prejudice, there is a strong presumption in favor of that course. A court may override the presumption only when dismissal without prejudice would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." (citations and quotation marks omitted)).

Here, after careful review, the government has determined that the interests of justice favor prosecution in D.C. Superior Court over continued federal prosecution. Accordingly, the government respectfully moves to dismiss the information without prejudice. This motion is made in good faith, is not intended to harass the defendant, and is consistent with the public interest.

In light of the government's motion, the initial status conference currently scheduled for October 2, 2025 at 10:00 a.m. is no longer necessary and should therefore be vacated.

Respectfully submitted,

Jeanine Ferris Pirro
United States Attorney

By:    */s/ Jessica Bove*
       Jessica Bove
       PA Bar No. 328892
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, DC 20530
       (202) 252-7741
       Jessica.Bove@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal No. 25-cr-00274 (TNM)** |
| **PAUL ANTHONY BRYANT.** | |
| **Defendant.** | |

**ORDER**

Upon consideration of the government's motion to dismiss the complaint without prejudice, and for good cause shown, it is hereby: ORDERED that the motion is GRANTED.  The information against Mr. Bryant is hereby DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that the initial status conference scheduled for October 2, 2025 at 10:00 a.m. is VACATED.

SO ORDERED.

Date: _____

_____
TREVOR N. MCFADDEN
United States District Judge